IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **IJOMOH I. OJUGBELI** ) | |
| 5034 38th Avenue, #24 ) | |
| Hyattsville, Maryland 20782 ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **MASTER SECURITY, INC** ) | |
| 10944 – C Beaver Dam Road ) | |
| Hunt Valley, Maryland 21030 ) | |
| ) | |
| <u>SERVE</u>: CT Corporation System ) | |
|       1015 15th Street, N.W., Suite 1000 ) | |
|       Washington, D.C. 20005 ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

NOW COMES, Plaintiff, Ijomoh I. Ojugbeli, by and through his attorneys, Donna Williams Rucker, Esquire and DUBOFF & ASSOCIATES, CHARTERED, and sues Master Security, Inc. for employment discrimination and in support therefore states as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction is proper pursuant to Title VII of the Civil Rights Act of 1964, as amended, (Title VII), and the D.C. Human Rights Act of 1977 as amended and 42 U.S.C. §§ 2000(e) et seq., 1981. The state causes of action are appropriate based on supplemental jurisdiction. Venue is appropriate and based on the fact than the actions complained of herein are the result of actions and employment practices of Defendant Master Security, Inc. (hereinafter referred to as "Master") that occurred within the District of Columbia.

2.  Plaintiff, Ijomoh I. Ojugbeli, (hereinafter referred to as "Ojugbeli") timely filed a

complaint with the EEOC and the D.C. Office of Human Rights. Plaintiff files this civil action timely and in accordance with the authority noted in the Dismissal and Notice of Rights dated July 5, 2005. A copy of the same is attached as Exhibit "A".

3. Plaintiff Ojugbeli brings this action pursuant to Title VII of the Civil Rights Act 1964 as amended and the D.C. Human Rights Act of 1977 as amended, and 42 U.S.C. §§ 2000(e) et seq., 1981 for discrimination based on his national origin (Nigerian).

## PARTIES

4. Plaintiff at all times relevant hereto was an employee of Defendant Master Security, Inc.

5. Defendant Master is a corporation, conducting business and deriving substantial revenue in the District of Columbia.

## FACTS

6. Plaintiff is a native of Nigeria.

7. Plaintiff Ojugbeli began employment as a security guard with Master in 2001.

8. Plaintiff was a full time employee of Defendant Master Security, Inc.

9. Plaintiff was also employed as a security guard at the Bureau of Alcohol Tobacco and Firearms ("ATF").

10. Plaintiff's employment by Master was terminated on or about August 4, 2003.

11. Captain Chittam (American) was the Project Manager supervising Plaintiff.

12. During the course of Plaintiff's employment, other American Security Guards were promoted over Plaintiff.

13. Plaintiff possessed the qualifications necessary for promotion that his American co-workers possessed.

14. Captain Chittam, told Plaintiff that he had to terminate his position at ATF or his hours at Master would be cut.

15. Plaintiff quit his job at ATF because he did not want his hours reduced by Captain Chittam.

16. Plaintiff's hours were cut from approximately 48 hours to approximately 32 hours per week despite the fact that Plaintiff quit his job at ATF.

17. Other American employees continued to work 40 to 50 hours per week without any reductions.

18. On August 1, 2003 Plaintiff was written up for allegedly sleeping at his post.

19. Plaintiff prior to this allegation was never accused of being asleep at his post.

20. Master terminated Plaintiff due to this alleged infraction.

21. On the same day another Nigerian employee of Master, Officer Daniel (last name unknown) was also terminated for the same alleged infraction of sleeping at his post.

22. On the same day three American employees were caught sleeping at their respective posts and received only a two-day suspension.

23. On a prior occasion Sergeant Silver (American) was caught sleeping at his post and only received a two-day suspension.

### COUNT I
### Title VII of the Civil Rights Act
### (National Origin Discrimination)

24. Plaintiff incorporates by reference all allegations contained in the paragraphs 1 through 23 above inclusive and incorporates the same by reference as if fully stated herein, and further alleges:

25. Plaintiff is a native of Nigeria.

26. Plaintiff was treated differently than other similarly situated American employees of Defendant Master.

27. Plaintiff was allegedly found sleeping at his post and was terminated.

28. Plaintiff was not asleep at his post and it has never been proven that he has been asleep at his post prior to this incident.

29. On the same night Plaintiff was alleged to have been asleep at his post, three other Americans along with one Nigerian Security Guard were also allegedly found asleep at their posts.

30. The American Security Guards were given two-day suspensions, while the two Nigerian Security Guards were terminated.

31. On a prior occasion Sergeant Silver was caught asleep at his post and received only a two-day suspension.

32. Plaintiff possessed the skills necessary for promotion along with the other American Security Guards.

33. Less senior Americans were promoted over the Plaintiff, due to his National Origin.

34. Plaintiff, only because of his national origin, was forced to quit his job at ATF.

35. Plaintiff was treated differently based upon his national origin and subjected to different terms and conditions of employment. He was made to work in a hostile environment and this affected Plaintiff's ability to enjoy his work and work in an environment in which his co-workers were permitted to work.

36. Defendant's actions were intentional, mean spirited, malicious, and based upon Plaintiff's national origin.

37. Plaintiff suffered embarrassment, humiliation, pain and suffering, and mental distress now and into the future.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court: Award compensatory damages in excess of $200,000; Reasonable attorney's fees and cost incurred and for this action; Punitive Damages and Declaratory and injunctive relief; and Such other and further relief as this Court deems just and proper, including pre and post judgment interest.

## COUNT II
### (D.C. Human Rights Act of 1977)

38. Plaintiff incorporates by reference all allegations contained in the paragraphs 1 through 37 above inclusive and incorporates the same by reference as if fully stated herein, and further alleges:

39. Plaintiff was treated differently than other similarly situated American employees of Defendant Master.

40. Plaintiff was treated differently based upon his national origin and subjected to different terms and conditions of employment. He was made to work in a hostile environment and this affected Plaintiff's ability to enjoy his work and work in an environment in which his co-workers were permitted to work.

41. Defendant's actions were intentional, mean spirited, malicious, and based upon Plaintiff's national origin.

42. Plaintiff suffered embarrassment, humiliation, pain and suffering, and mental distress now and into the future.

43. WHEREFORE, Plaintiff respectfully prays that this Honorable Court: Award compensatory damages in excess of $200,000; Reasonable attorney's fees and cost incurred and

for this action; Punitive Damages and Declaratory and injunctive relief; and Such other and further relief as this Court deems just and proper, including pre and post judgment interest.

## COUNT III
### (42 U.S.C. § 1981)

44. Plaintiff incorporates by reference all allegations contained in the paragraphs 1 through 43 above inclusive and incorporates the same by reference as if fully stated herein, and further alleges:

45. Plaintiff, a Nigerian, was subjected to pervasive and intentional discrimination by Defendant Master when he was terminated for allegedly sleeping on his post.

46. Based solely upon his National Origin (Nigerian), Plaintiff, along with another Nigerian, was terminated for allegedly sleeping while other American employees were simply given a two-day suspension.

47. Plaintiff was forced to quite his job at ATF in order to maintain his hours at Defendant Master.

48. Plaintiff's hours were cut from 48 hours to approximately 32 hours per week, due to his national origin.

49. Other American employees continued to work 40 to 50 hours per week with no reduction.

50. Plaintiff was not promoted, even though he held the same qualifications, as the other American employees were who promoted.

51. Defendant had no rational basis, other than Plaintiff's National Origin, to terminate Plaintiff's employment.

52. Defendant Master intentionally interfered with Plaintiff's ability to form an employment contract with Defendant Master.

53. Defendant Master intentionally interfered with Plaintiff's ability to form an employment contract with ATF.

54. Plaintiff suffered embarrassment, humiliation, pain and suffering, and mental distress now and into the future, loss of his employment and employment opportunities.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court: Award compensatory damages in an amount of $200,000; Reasonable attorney's fees and cost incurred and for this action; Punitive Damages, Declaratory and injunctive relief; and Such other and further relief as this Court deems just and proper, including pre and post judgment interest.

## COUNT IV
### (Intentional Infliction of Emotional Distress)

55. Plaintiff incorporates by reference all allegations contained in the paragraphs 1 through 54 above inclusive and incorporates the same by reference as if fully stated herein, and further alleges:

56. Defendant Masters actions in terminating Plaintiff due to his national origin was extreme and outrageous conduct.

57. Defendant Master committed the acts intentionally and said act caused Plaintiff severs emotional distress and embarrassment.

58. Defendant Master should have known that the action in question would have the probable consequences of causing Plaintiff severe stress.

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter judgment against Defendant Master in excess of One Hundred Fifty Thousand Dollars ($150,000.00); and such

other and further relief as this Court deems just and proper, including pre and post judgment interest.

                Respectfully submitted,

                DUBOFF & ASSOCIATES, CHARTERED

By: _____
     Donna Williams Rucker, Esquire (#446713)
     8401 Colesville Road, Ste. 501
     Silver Spring, Maryland 20910
     (301) 495-3131   Office
     (301) 587-1872   Facsimile

## JURY DEMAND

Plaintiff requests a jury trial on all issues.

_____
Donna Williams Rucker, Esquire (#446713)