IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IJOMOH I. OJUGBELI<br>5034 38th Avenue, #24<br>Hyattsville, Maryland 20782<br><br>    Plaintiff<br><br>v.<br><br><br><br>MASTER SECURITY, INC.<br>10944-C Beaver Dam Road<br>Hunt Valley, MD 21030<br><br>    Defendant | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*  Case Number: 1:05CV01946<br>    Judge: James Robertson<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER

COMES NOW, Defendant, Master Security Inc. ("Master Security"), through undersigned counsel and Whiteford, Taylor & Preston, L.L.P., with its Answer to Plaintiff's Complaint and states as follows:

1.    Paragraph 1 of the Complaint state a legal conclusion to which no response is deemed necessary. To the extent a response is deemed necessary, the allegations are denied.

2.    Defendant admits Plaintiff filed a complaint with the EEOC. The remainder of the allegations of Paragraph 2 of the Complaint are denied.

3.    Defendant admits Plaintiff is attempting to bring claims under the cited statutes. Defendant denies, however, that it has in any way discriminated against Plaintiff or otherwise caused him harm, and further denies that it has any liability to Plaintiff.

4.	Defendant admits that Plaintiff was an employee of Master Security, Inc., from approximately September 2001 until on or about August 1, 2003.  Plaintiff does not define what is intended by "all relevant times" hereto, and thus to the extent, Plaintiff's intent is broader than this response, the allegation is denied.

5.	Defendant admits that it is a corporation and that it conducts business in the District of Columbia.  All other allegation contained in paragraph 5 of the Complaint are denied.

6.	Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 6.  Accordingly, such allegations are denied.

7.	Defendant admits the allegations that are contained in paragraph 7 of the Complaint.

8.	Defendant denies the allegations that are contained in paragraph 8 of the Complaint.

9.	Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 9.  Accordingly, such allegations are denied.

10.	Defendant admits that Plaintiffs employment was terminated on or about August 4, 2001.

11.	Defendant admits that Captain Chittams was the Project Manager for the contract on which Plaintiff worked.  Defendant is without information sufficient to admit or deny Mr. Chittams' status as "American", and thus the allegation is denied.  Defendant further denies that Mr. Chittams was the only individual who supervised Plaintiff on the contract.

12.	Defendant admits that during the time period of Plaintiff's employment, other employees received promotions.  However, Defendant denies that all of those individuals were "Americans".  Defendant further denies the allegation that those employees were promoted "over

Plaintiff" as it implies that Plaintiff applied for, or was qualified for, a promotion, which is denied.

  13. Defendant denies the allegations that are contained in paragraph 13 of the Complaint.

  14. Defendant denies the allegations that are contained in paragraph 14 of the Complaint.

  15. Defendant denies the allegations that are contained in paragraph 15 of the Complaint.

  16. Defendant denies the allegations that are contained in paragraph 16 of the Complaint.

  17. Defendant denies the allegations that are contained in paragraph 17 of the Complaint.

  18. Defendant admits the allegations that are contained in paragraph 18 of the Complaint.

  19. Defendant denies the allegations that are contained in paragraph 19 of the Complaint.

  20. Defendant admits that Plaintiff was terminated because he was found sleeping on the job, and that he had previously received a warning for being asleep at his post. Defendant denies the allegations of paragraph 20 of the Complaint to the extent they suggest that Plaintiff was not in fact sleeping at his post, or that the Defendant's reasons for its termination of Plaintiff are false or pretextual.

  21. Defendant admits that, on the same day, another Nigerian employee was found asleep at his post, and that this individual was also terminated as it was his second incidence of

the same infraction, as was the case with Plaintiff.  Defendant denies the allegations of paragraph 21 of the Complaint to the extent they are in any way inconsistent with this answer, and/or to the extent they suggest unlawful conduct by the Defendant.

22.	Defendant denies the allegations that are contained in paragraph 22 of the Complaint.

23.	Defendant denies the allegations that are contained in paragraph 23 of the Complaint.

### **Count I (Title VII)**

24.	The responses to paragraphs 1 through 23 of the Complaint are incorporated herein by reference.

25.	Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25.  Accordingly, they are denied.

26.	Defendant denies the allegations that are contained in paragraph 26 of the Complaint.

27.	Defendant admits that Plaintiff was found sleeping at his post.  Defendant denies the allegations of paragraph 27 of the Complaint to the extent they suggest that Plaintiff was not in fact sleeping at his post, or that the Defendant's reasons for its termination of Plaintiff are false or pretextual.

28.	Defendant denies the allegations that are contained in paragraph 28 of the Complaint.

29.	Defendant denies the allegations that are contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations that are contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations that are contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations that are contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations that are contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations that are contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations that are contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations that are contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations that are contained in paragraph 37 of the Complaint.

Defendant further denies that Plaintiff is entitled to any of the requested relief as stated in the prayer for relief, and asks this Court to dismiss Plaintiff's claim with prejudice.

### **Count II (D.C. Human Rights Act)**

38. The responses to paragraphs 1 through 37 of the Complaint are incorporated herein by reference.

39. Defendant denies the allegations that are contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations that are contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations that are contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations that are contained in paragraph 42 of the Complaint.

43. Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 43 of the Complaint and further requests that this Court dismiss Plaintiff's claims with prejudice.

## Count III (42 U.S.C. §1981)

44. The responses to paragraphs 1 through 43 of the Complaint are incorporated herein by reference.

45. Defendant denies the allegations that are contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations that are contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations that are contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations that are contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations that are contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations that are contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations that are contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations that are contained in paragraph 52 of the Complaint.

53.     Defendant denies the allegations that are contained in paragraph 53 of the Complaint

54.     Defendant denies the allegations that are contained in paragraph 54 of the Complaint.

Defendant further denies that Plaintiff is entitled to any of the requested relief as stated in the prayer for relief, and asks this Court to dismiss Plaintiff's claim with prejudice.

## Count IV (Intentional Infliction of Emotional Distress)

55.     The responses to paragraphs 1 through 54 of the Complaint are incorporated herein by reference.

56 – 58.     Defendant has filed a Motion to Dismiss Count IV contemporaneously herewith.  Accordingly, no response to this Count is necessary at this time.  However, to the extent any response is deemed necessary, the allegations contained in paragraphs 56-58 are hereby denied in their entirety, and Defendant further denies that Plaintiff is entitled to any of the requested relief.

## FURTHER DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

7

## SECOND DEFENSE

Plaintiff's claims are barred, all or in part, by his failure to exhaust administrative remedies.

## THIRD DEFENSE

All of the allegedly discriminatory actions complained of were taken for legitimate and non-discriminatory business reasons unrelated to the plaintiff's national origin or any other basis prohibited under law.

## FOURTH DEFENSE

The Complaint is barred, all or in part, by the applicable statute of limitations.

## FIFTH DEFENSE

Defendant reserves the right to raise any defense in law or fact as it may become available.

## SIXTH DEFENSE

Anything not specifically admitted or denied is hereby denied.

## SEVENTH DEFENSE

Plaintiff has not pled facts sufficient to sustain an award of punitive damages and any such award would be unconstitutional.

## EIGHTH DEFENSE

Plaintiff's claims are barred, all or in part, by the doctrine of laches.

## NINTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

WHEREFORE, Defendant, Master Security, Inc., respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice, for costs and attorney's fees incurred in defending this matter and filing this motion, and for such further relief this Court deems appropriate.

> Respectfully submitted,
>
> **WHITEFORD, TAYLOR & PRESTON, LLP**
>
> _____//s//_____
> Jennifer S. Jackman (#466922)
> Peter D. Guattery
> Whiteford, Taylor & Preston L.L.P.
> 1025 Connecticut Avenue, NW
> Washington, DC  20036-5405
> (202) 659-6800
> *Counsel for Defendant Master Security, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2005, a copy of the foregoing was mailed first class, postage prepaid to:

> Donna Williams Rucker, Esq.
> DuBoff & Associates, Chartered
> 8401 Colesville Road, Suite 501
> Silver Spring, MD 20910

> _____//s//_____
> Jennifer S. Jackman

180696