IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IJOMOH I. OJUGBELI<br>5034 38th Avenue, #24<br>Hyattsville, Maryland 20782<br><br>    Plaintiff<br><br>v.<br><br><br><br>MASTER SECURITY, INC.<br>10944-C Beaver Dam Road<br>Hunt Valley, MD 21030<br><br>    Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*  Case Number: 1:05CV01946<br>     Judge: James Robertson<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS

COMES NOW, Defendant Master Security Inc., ("Master Security"), through undersigned counsel and Whiteford, Taylor & Preston, L.L.P., pursuant to Fed. Rule Civ. Pro. Rule 12(6) with its motion to dismiss Count IV of the Complaint and in support thereof, states as follows:

1.  Plaintiff failed to state a claim upon which relief can be granted for intentional infliction of emotional distress because that claim is barred by the statute of limitations, which is one year. Per the face of Plaintiff's Complaint, the last date of any wrongful conduct was August 4, 2003. Plaintiff waited until October 3, 2005 to file his Complaint. Accordingly, because more than one year passed between the date of the wrongful conduct and the date Plaintiff filed suit, his claim for intentional infliction of emotional distress must be dismissed with prejudice.

2.  Defendant hereby adopts and incorporates the accompanying memorandum of points and authorities as though fully set forth herein.

WHEREFORE, Defendant, Master Security, Inc., respectfully requests this Court to dismiss Count Four of Plaintiff's Complaint with prejudice, for costs and attorney's fees incurred in defending this matter and filing this motion, and for such further relief this Court deems appropriate.

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**


_____//s//_____
Jennifer S. Jackman (#466922)
Peter D. Guattery
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800
*Counsel for Defendant Master Security, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2005, a copy of the foregoing was mailed first class, postage prepaid to:

Donna Williams Rucker, Esq.
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, MD 20910


_____/s/_____
Jennifer S. Jackman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IJOMOH I. OJUGBELI<br>5034 38th Avenue, #24<br>Hyattsville, Maryland 20782<br><br>    Plaintiff<br><br>v.<br><br><br>MASTER SECURITY, INC.<br>10944-C Beaver Dam Road<br>Hunt Valley, MD 21030<br><br>    Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*  Case Number: 1:05CV01946<br>        Judge: James Robertson<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

COMES NOW, Defendant Master Security Inc., ("Master Security"), through undersigned counsel and Whiteford, Taylor & Preston, L.L.P., pursuant to Fed. Rule Civ. Pro. Rule 12(6) with its Memorandum in Support of its Motion to Dismiss Counts III and IV of the Plaintiff's Complaint and in support thereof, states as follows:

## I.   INTRODUCTION

Plaintiff's claims arise out of his employment with Master Security as a security guard. Plaintiff's employment with Master Security was terminated on August 4, 2003 after he was found sleeping on his post on August 1, 2003. Plaintiff claims, however, that his termination was due to his national origin. Defendant denies this claim, as Plaintiff was previously reprimanded for the same offense, with the knowledge that a subsequent office meant

3

termination. Plaintiff has asserted several claims, including intentional infliction of emotional distress.

Plaintiff fails to state a claim upon which relief can be granted for intentional infliction of emotional distress because that claim is barred by the statute of limitations, which is one year. Per the face of Plaintiff's Complaint, the latest date of any wrongful conduct was August 4, 2003. Plaintiff waited until October 3, 2005 - two years later - to file his Complaint. Accordingly, because more than one year passed between the date of the wrongful conduct and the date Plaintiff filed suit, his claim for intentional infliction of emotional distress must be dismissed with prejudice.

## II.    ARGUMENT

### A.    Standard for Motions to Dismiss brought under Rule 12(b)(6).

A Rule 12(b)(6) Motion to Dismiss tests the legal sufficiency of a complaint. *Sullivan-Obst v. Powell*, 300 F. Supp.2d 85 (D.D.C 2004); *Chandamuri v. Georgetown University*, 274 F. Supp. 2d 71 (D.D.C. 2003). In resolving such a motion, the Court must treat the complaint's factual allegations as true and draw all *reasonable* inferences therefrom in the plaintiff's favor. *Id.* The claim must be dismissed if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief". *Chandamuri*, 275 F.Supp.2d at 77.

### B.    Count IV is Barred By the Statute of Limitations.

Plaintiff's claim for intentional infliction of emotional distress is barred by the statute of limitations. Although there is no specific statute in the District of Columbia for filing a claim for intentional infliction of emotional distress, certain claims for intentional infliction of emotional distress are governed by the residuary three-year limitation. *Thompson v. Jasas Corporation*, 212

4

F.Supp. 2d 21 (D.D.C. 2002). This residuary limitation only applies, however, if the intentional infliction of emotional distress claim is not intertwined with a cause of action for which a period of limitation is specifically provided in a D.C. statute. *Id.* In cases where the facts supporting the intentional infliction of emotional distress claim are intertwined with a claim for which the District of Columbia provides for a specific limitations period, the residuary term does not apply. Instead, the limitations period of the underlying claim applies to the intentional infliction of emotional distress claim. *Id.*

In this case, it is clear from the face of Plaintiff's Complaint that his claim for intentional infliction of emotional distress is intertwined with his discrimination claim as is evidenced below:

> 56. Defendant Masters actions in terminating Plaintiff due to his national origin was extreme and outrageous.
>
> 57. Defendant Masters committed the acts intentionally and said act caused Plaintiff severs [sic] emotional distress and embarrassment. See Complaint.

The sole basis for Plaintiff's intentional infliction of emotional distress claim is his allegation that he was terminated based upon his national origin. No other independent allegations provide a separate basis for a claim for intentional infliction of emotional distress. Instead, Plaintiff's claim for intentional infliction of emotional distress is intertwined with his claim for discrimination.

Because Plaintiff's intentional infliction of emotional distress claim is intertwined with his discrimination claims, the statute of limitations for D.C. Human Rights Act applies. The statute of limitations for discrimination claims brought under the D.C. Human Rights Act is only one year. See D.C. Code §2-1403.16. Because the wrongful acts alleged by Plaintiff violate the

5

D.C. Human Rights Act, the one year period of limitation applies and not the three year residuary period. See *Ravinskas v. Karalekas*, 741 F.Supp. 978 (D.D.C. 1990). See also *Scales v. The George Washington University,* 1991 U.S. Dist. LEXIS 16765 (D.D.C. Nov. 15, 1991).

Because the one-year statue of limitations applies to Plaintiff's claim for intentional infliction of emotional distress, that claim is barred as a matter of law. Plaintiff claims that he was terminated on August 4, 2003 as a result of his national origin. See Complaint, ¶¶ 10, 56. No other wrongful conduct is alleged to have occurred after August 4, 2003. Accordingly, Plaintiff had one year from August 4, 2003 to file a Complaint based upon intentional infliction of emotional distress. Instead, Plaintiff waited more than two years and did not file his Complaint until October 3, 2005. See Date Stamp on Complaint. Because Plaintiff did not file his Complaint within one year from the date of the alleged wrongful conduct, his claim for intentional infliction of emotional distress must be dismissed.

WHEREFORE, Defendant, Master Security, respectfully requests this Court to dismiss Count Two of Plaintiff's Complaint with prejudice, or in the alternative, the grant summary judgment in favor of Defendant as to Count IV and for such further relief this Court deems appropriate.

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**

_____//s//_____
Jennifer S. Jackman (#466922)
Peter D. Guattery
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW, #400
Washington, DC 20036-5405
(202) 659-6800
*Counsel for Defendant, Master Security*

*180604*