IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IJOMOH I. OJUBELI** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No.1:5CV01946 |
| | * | |
| **MASTER SECURITY, INC.** | * | |
| | * | |
| **Defendant** | * | |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

COMES NOW, Plaintiff Ijomoh Ojugbeli, by and through Donna Williams Rucker, Esquire and DUBOFF & ASSOCIATES, CHARTERED, pursuant to the Federal Rules of Civil Procedure, and Opposes Defendant, Master Security, Inc.'s ("Master") Motion to dismiss Count IV of the Complaint and in support thereof, further states as follows:

1. Plaintiff's claim for Intentional Infliction of Emotional Distress is not barred by the statute of limitations.

2. On October 3, 2005, Plaintiff filed the above captioned claim with four counts: Count I - Title VII of the Civil Rights Act – National Origin Discrimination; Count II – D.C. Human Rights Act of 1977; Count III – 42 U.S.C. § 1981; and Count IV – Intentional Infliction of Emotional Distress.

3. Plaintiff has properly stated causes of action against the Defendants upon which relief may be granted under each Count of his Complaint.

4. Plaintiff hereby adopts and incorporates the accompanying memorandum of points and authorities as though fully set forth herein.

WHEREFORE, Plaintiff, Ijomoh Ojugbeli, respectfully requests this Honorable Court to

Deny Defendant Master's Motion to Dismiss Count IV of Plaintiff's Complaint, and for such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

        DUBOFF & ASSOCIATES, CHARTERED

        By:    /s/   Donna Williams Rucker     .
              Donna Williams Rucker, Esquire (#446713)
              8401 Colesville Road, Ste. 501
              Silver Spring, Maryland 20910
              (301) 495-3131    Office
              (301) 587-1872    Facsimile

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 21st day of November, 2005 a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was sent via this Court's Electronic Filing System to: Jennifer S. Jackman, Esquire – Whiteford, Taylor & Preston, LLP – 1025 Connecticut Avenue, NW, Washington, DC 20036-5405.

           /s/   Donna Williams Rucker     .
          Donna Williams Rucker, Esquire (#446713)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IJOMOH I. OJUBELI** | \* | |
| | \* | |
| **Plaintiff** | \* | |
| | \* | |
| v. | \* | Case No.1:5CV01946 |
| | \* | |
| **MASTER SECURITY, INC.** | \* | |
| | \* | |
| **Defendant** | \* | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

COMES NOW, Plaintiff Ijomoh Ojugbeli, by and through Donna Williams Rucker, Esquire and DUBOFF & ASSOCIATES, CHARTERED, pursuant to the Federal Rules of Civil Procedure, with its Memorandum of Points and Authorities in Support of his Opposition to Defendant's Motion to Dismiss and in support thereof, further states as follows:

**FACTS**

This cause of action arose out of Plaintiff's employment, as a security guard, with Master Security, Inc. ("Master"). Plaintiff was terminated on August 4, 2003 due to his national origin; Plaintiff is a native of Nigeria. Defendant claims that Plaintiff was terminated after he was found sleeping at his post.

On October 3, 2005, Plaintiff filed the above captioned claim with four counts: Count I - Title VII of the Civil Rights Act – National Origin Discrimination; Count II – D.C. Human Rights Act of 1977; Count III – 42 U.S.C. § 1981; and Count IV – Intentional Infliction of Emotional Distress.

Plaintiff has timely filed his complaint as to all four Counts, including his claim for Intentional Infliction of Emotional Distress, Count IV.

3

Defendant's Motion references several different Counts throughout the Pleading. However, Plaintiff's counsel verified that the instant Motion refers only to Count IV.

## STANDARD OF REVIEW

In consideration of the relief requested by Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and take all allegations as true. The issue is not whether the plaintiff will prevail at trial. The appropriate inquiry is whether the plaintiff is entitled to offer support of his claims. *See, Scheuer v. Rhodes*, 416 U.S. 232 (1974) and *Matterson v. Stokes*, 166 F.R.D. 368 (E.D. Va. 1996).

In ruling on a 12(b)(6) motion, a court may not rely on any facts that do not appear on the face of the complaint itself. Furthermore, "[t]he allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff and, if these allegations are sufficient, the case must not be dismissed even if the court doubts that the plaintiff will ultimately prevail." *Wallace*, 1998 D.C.App. LEXIS 9, at *9; *McBryde v. Amoco Oil Co.*, 4040 A.2d 200, 203 (D.C. 1979). In addition, all ambiguities must be resolved in plaintiff's favor. *See Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith v. Beards*, 680 A.2d 419, 430 (D.C. 1996). Given these considerations, "unless it is beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief," a pleading should not be dismissed under Rule 12(b)(6). Id.

Under a Rule 12 analysis, defendant's Motion must fail as Plaintiff has adequately stated claims upon which relief can be granted.

## ARGUMENT

Plaintiff's claim for Intentional Infliction of Emotional Distress is intertwined with his claim of discrimination, which comes before this Honorable Court in the form of Title VII of the

4

Civil Rights Act, the D.C. Human Rights Act of 1977, and 42 U.S.C. § 1981.

This case is an EEOC suit. Since there is no definite period within which the charging party is required to file suit in court after a violation, there are only periods governing filing a charge with the EEOC and filing suit after the EEOC's issuance of a Right-to-Sue letter or Notice of Dismissal, there have been efforts by defendants to have state statutes of limitations apply. Given the fact that this is an EEOC suit, this Court should reject Defendant's request due to the applicability of this rule to Title VII and other modern antidiscrimination statutes. Even though these laws do not have a true limitations period, meaning that measured from the time of the violation to the time of suit is commenced, the elaborate time periods set out in those statutes suggest that Congress intended only those periods to govern.

The Circuit Courts to address the issue have held against application of state laws to the limitations period. *Bratton v. Bethleham steel corp.*, 649 F.2d 658 (9th Cir. 1980); *Kirk v. Rockwell Int'l Corp.*, 578 F. 2d 814 (8th Cir. 1978); *Draper v.United States Pipe Foundry Co.*, 527 F.2d 515 (6th Cir 1975). *See also EEOC v. Enterprises Ass'n Steamfitters, Local 638*, 542 F.2d 579 (2d Cir. 1976).

The Supreme Court stated in *EEOC v. Occidental Life Insurance Co. of California*, 432 U.S. 355 (1977), state limitations periods did not control an EEOC suit. In *Occidental Life Insurance Co. of California,* the Court noted that "state limitations periods will not be borrowed if their application is inconsistent with the underlying policies of the federal statutes," I*d* at 367, and saw such an inconsistency by looking to the conciliation function of the EEOC and its perennial backlog: it would be disruptive to require Commission suit to comply with the "vagaries of diverse state limitations statutes, some as short as one year." *Id*. At 371. Similar arguments are obviously applicable to private suits. Indeed, *Occidental Life Insurance Co. of*

5

*California* noted that in some cases Title VII and such state laws could directly conflict: a plaintiff might be forced to file a court suit before the 180 days of mandatory deferral to the EEOC expired. *Id.* At 369 n.23.

Plaintiff's emotional distress claim is based on conduct occurring in connection with his EEOC suit which has been filed under the D.C. Human Rights Act of 1977, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981.

## **CONCLUSION**

When all facts asserted in this case are viewed in a light most favorable to Plaintiff, Defendant's Motion To Dismiss should be denied, Plaintiff's claim for Intentional Infliction of Emotional Distress is not barred by the statute of limitations.

WHEREFORE, Based on the foregoing, Plaintiff Ijomoh Ojugbeli respectfully requests that this Honorable Court deny Defendant Master Security, Inc.'s Motion To Dismiss Count IV of Plaintiff's Complaint.

> Respectfully submitted,
>
> DUBOFF & ASSOCIATES, CHARTERED
>
> By:   /s/ Donna Williams Rucker   .
> Donna Williams Rucker, Esquire (#446713)
> 8401 Colesville Road, Ste. 501
> Silver Spring, Maryland 20910
> (301) 495-3131   Office
> (301) 587-1872   Facsimile