IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IJOMOH I. OJUGBELI<br>5034 38th Avenue, #24<br>Hyattsville, Maryland 20782<br><br>    Plaintiff<br><br>v.<br><br><br><br>MASTER SECURITY, INC.<br>10944-C Beaver Dam Road<br>Hunt Valley, MD 21030<br><br>    Defendant | *<br>*<br>*<br>*<br>*<br>*<br>* Case Number: 1:05CV01946<br>  Judge: James Robertson<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

COMES NOW, Defendant Master Security Inc., ("Master Security"), through undersigned counsel and Whiteford, Taylor & Preston, L.L.P., pursuant to Fed. Rule Civ. Pro. Rule 12(6) with its reply to Plaintiff's Opposition to its motion to dismiss Count IV of the Complaint and in support thereof, states as follows:

The basis of Plaintiff's Opposition is essentially that because Title VII has no time limitation on filing of complaints, no statute of limitation should apply to Plaintiff's claim for intentional infliction of emotional distress. Plaintiff's argument completely misses the mark and fails to rebut any of the arguments raised in defendant's motion to dismiss. To be clear, the issue raised by Defendant is not what statute of limitations applies to *federal* claims when the federal statute is silent as to a statute of limitations. Rather, the issue is what statute of limitations applies to *local common law* claims, for which no express statute of limitations is expressly

provided. As is clear from this Circuit's precedent, because the District of Columbia is silent as to what statute of limitations applies to intentional infliction of emotional distress claims, when those claims are intertwined with another local claim for which a statute is provided, the Court applies that statute of limitations. Plaintiff's claim for intentional infliction of emotional distress is intertwined with his claim for discrimination under the D.C. Human Rights Act which has a one-year statute of limitations. Accordingly, because a one-year statute of limitations applies to his intentional infliction of emotional distress claim his claim is time-barred.

**I.    Case Law From This Jurisdiction Cleary Establishes That Plaintiff's Claim For Intentional Infliction Of Emotional Distress Has a One-Year Statute Of Limitations.**

Case law from this jurisdiction clearly establishes that Plaintiff's claim for intentional infliction of emotional distress has a one-year statute of limitations. In the District of Columbia, there is no express statute of limitations provided for the common law tort of intentional infliction of emotional distress. However, in cases where the tort of intentional infliction of emotional distress is intertwined with a claim for which the District of Columbia provides a specific limitations period, the limitations period of the underlying claim applies to the intentional infliction of emotional distress claim. See *Ravinskas v. Karalekas*, 741 F.Supp. 978 (D.D.C. 1990); *Scales v. The George Washington University*, 1991 U.S. Dist. LEXIS 16765 (D.D.C. 1991), aff'd, 44 F.3d 1031 (D.C. Cir. 1994)(per curiam), cert. denied, 115 S.Ct. 2249 (1995); *Rendall-Speranza v. Nassim*, 107 F.3d 913 (D.C.Cir. 1997).

This case is analogous to the *Scales* case in which the Plaintiff filed suit alleging discrimination claims under Title VII and §1981 as well as a claim for intentional infliction of emotional distress. *Scales v. The George Washington University*, supra. The *Scales* Court

granted Defendant's Motion for Summary Judgment as to the intentional infliction of emotional distress claim based upon the statute of limitations. In so doing, the Court stated:

> [I]f the wrongful acts alleged by plaintiff violate the D.C. Human Rights Act, then the one-year period of limitation for this Act would apply and not the three year residuary period. See D.C. Code §1-2544, *Prouty v. Nat'l RR Passenger Corp*., 572 F.Supp. 200 (D.D.C. 1983).

See *Scales v. The George Washington University*, supra 1991 U.S. Dist. LEXIS 16765 at 14-15. Importantly, even though *Scales'* Plaintiff alleged claims under Title VII and §1981 and not under the D.C. Human Rights Act, the Court still looked to the local D.C. Human Rights Act for the applicable statute of limitations - - not to federal law. In this case, Plaintiff actually alleged claims under the D.C. Human Rights Act, as well as his federal claims, which provides even more support for that limitations period to apply.

Like the instant case, the Plaintiff in *Scales* failed to allege facts that Defendant intentionally caused her emotional distress by conduct "independent" of the alleged violations of Title VII and the D.C. Human Rights Act. *Id*. Accordingly, the one-year statute of limitation applicable to claims under the Human Rights Act applies to Plaintiff's claim for intentional infliction of emotional distress. *Id*. Because Plaintiff failed to bring his claim within one year from the wrongful conduct, his claim must be dismissed.

**II.    Plaintiff Ignored Defendant's Argument and Failed to Provide *Any* Support For His Theory That This Court Should Look To Federal Law In Applying the Statute of Limitations For a D.C. Common Law Claim.**

Plaintiff ignored this jurisdiction's well-established precedent regarding the statute of limitations for intentional infliction of emotional distress claims and instead relied upon cases from other circuits interpreting the statute of limitations that apply to certain *federal* claims.

3

None of the cases cited by Plaintiff stand for the proposition that the Court should seek guidance from federal statutes when applying statutes of limitations to common law torts.

Plaintiff's reliance upon four cases from other circuits purportedly standing for his vague proposition that "Circuit Courts to address the issue have held against the application of state laws to the limitations period" is misplaced.[1] While those cases rejected the application of state statutes of limitations to federal Title VII claims, the cases did not apply federal statutes of limitations to local claims. Indeed, prior to the enactment of the federal statute containing the statute of limitations, federal courts actually looked to the analogous state statute of limitations and that local statute applied. See eg. *EEOC v. Enterprise Association Steamfitters Local No. 638*, 542 F.2d 579 (2nd Cir. 1976).

WHEREFORE, Defendant, Master Security, Inc., respectfully requests this Court to dismiss Count Four of Plaintiff's Complaint with prejudice, for costs and attorney's fees incurred in defending this matter and filing this motion, and for such further relief this Court deems appropriate.

---

[1] Plaintiff's reliance on the Supreme Court case *EEOC v. Occidental Life Insurance Co. of California*, 432 U.S. 355 (1977) is likewise misplaced. The issue in the *Occidental* case was what statute of limitations to apply to claims brought by the EEOC under the Civil Rights Act of 1964 and whether those federal claims should defer to local statutes of limitations. The *Occidental* case had nothing to do with what statute of limitations to apply to local common law claims, such as is the issue in this case.

4

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**


_____//s//_____
Jennifer S. Jackman (#466922)
Peter D. Guattery
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800
*Counsel for Defendant Master Security, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of November, 2005, a copy of the foregoing was served on Plaintiff via electronic filing pursuant to Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.4 to

Donna Williams Rucker, Esq.
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, MD 20910


_____/s/_____
Jennifer S. Jackman

*181170*

5